AO 72A
(Rev. 8/82)

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 APR -8 A 9:55
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TYJUAN JAMEL MITCHELL,

    Plaintiff,

v.                                 CIVIL ACTION NO.: CV513-022

BRIAN OWENS, Commissioner;
GEORGIA DEPARTMENT OF
CORRECTIONS; and COBB
COUNTY SUPERIOR COURT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff TyJuan Jamel Mitchell ("Plaintiff"), formerly incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. §1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that during his 2008 probation revocation hearing he was resentenced as a first offender in the Superior Court of Cobb County by Judge Grubbs to "5 years giving me credit for the time that I did on probation against that sentence." (Doc. No. 1, p. 5). Plaintiff claims that this alleged credit was not included in his final disposition although he was entitled to it. Plaintiff avers he "filed a grievance at Wilcox State Prison 2 times with Chief Counselor Ms. Thompson that went and filed in the Main Office in Atlanta and was denied, their answer was my time was tolled correctly." (Id. at 4). Plaintiff claims his sentence was not calculated correctly and is therefore entitled to immediate release and a $250,000 settlement "for false imprisonment, loss [sic] wages, bills, and mental damages, etc." (Id. at 6). Plaintiff names as Defendants the Georgia Department of Corrections; Brian Owens, Commissioner of the Georgia Department of Corrections; and the Cobb County Superior Court.

AO 72A
(Rev. 8/82)

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any factual allegations against the Georgia Department of Corrections demonstrating how it was involved with the alleged miscalculation of his sentence or explaining how the alleged miscalculation deprived him of a constitutionally protected right. "[S]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." Marsh v. Butler County, Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Additionally, "[a] prison grievance procedure does not provide an inmate with a constitutionally protected interest[.]" Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Therefore, denial or rejection of a grievance is not sufficient to state a cause of action for violation of an inmate's constitutional rights. As a result, Plaintiff has failed to state a claim against the Georgia Department of Corrections; therefore, it should be **dismissed** as a Defendant in this action. Similarly, Plaintiff has failed to make any factual allegations demonstrating how Defendant Owens was involved in the alleged miscalculation. Based on the same reasoning, Plaintiff has failed to state a claim against Owens; thus, Owens should be **dismissed** as a Defendant in this case.

AO 72A
(Rev. 8/82)

Plaintiff also names the Cobb County Superior Court as Defendant, which the Court construes as Plaintiff alleging he has been harmed by the judge. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Actions associated with Plaintiff's probation revocation hearing and sentencing are activities taken within the judge's judicial capacity because such actions constitute normal judicial functions. Id. Therefore, Plaintiff's claims are barred by judicial immunity.

Furthermore, at least a portion of Plaintiff's requested relief is not appropriate for an action filed under §1983. Plaintiff seeks his immediate release. First, this form of relief would be more appropriately sought in a habeas corpus petition brought under 28 U.S.C. § 2254. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). Second, since the filing of his Complaint, Plaintiff has been released from prison; therefore, Plaintiff's request for immediate release is moot.

As to Plaintiff's request for monetary damages, this remedy is unsupported by Plaintiff's Complaint. Assuming Plaintiff pled facts sufficient to allege a claim cognizable under §1983, in order to be entitled to monetary damages he would have to prove that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487. Plaintiff has presented no such evidence regarding the legitimacy of his conviction.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 8th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)